UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN K. HERBSTER,                          Case No. 13-11932

          Plaintiff,                     Sean F. Cox
v.                                         United States District Judge

COMMISSIONER OF SOCIAL SECURITY,           Michael Hluchaniuk
                                           United States Magistrate Judge
          Defendant.
_____/

**REPORT AND RECOMMENDATION**
**MOTION FOR ATTORNEY FEES UNDER EAJA (Dkt. 15)**

## I.      PROCEDURAL HISTORY

On April 30, 2013, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Sean F. Cox

referred this matter to then Magistrate Judge Laurie J. Michelson for the purpose

of reviewing the Commissioner's decision denying plaintiff's claim for a period of

disability and disability insurance benefits.  (Dkt. 2).  The parties submitted a

stipulation to remand this matter for further administrative proceedings, which was

entered by Judge Cox.  (Dkt. 13).  Judgment was then entered in plaintiff's favor.

(Dkt. 14).  On January 3, 2014, plaintiff filed a motion for attorney fees under the

Equal Access to Justice Act (EAJA).  This matter was referred to Judge

Michelson.  (Dkt. 16).  On March 20, 2014, this case was reassigned to the undersigned magistrate judge and the motion for attorney fees was then referred on April 1, 2014.  (Dkt. 20).  The Commissioner filed a response on January 13, 2014.  (Dkt. 17).  Plaintiff filed a reply that same day.  (Dkt. 18).  Notably, the Commissioner does not dispute that plaintiff is entitled to fees; rather, the Commissioner disputes the amount of fees and contends that they should be paid directly to plaintiff, not counsel.  The Commissioner also does not object to the recovery of the $350 filing fee.  (Dkt. 17).

For the reasons set forth below, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; (2) fees in the amount of $2,800 be awarded to plaintiff, along with costs in the amount of $350; (3) and that payment be made directly to plaintiff.

## II.    DISCUSSION

### A.    Whether the Fees Requested are Reasonable

The EAJA permits an award of "reasonable" attorney fees.  28 U.S.C. § 2412(d)(2)(A).  Plaintiff bears the burden of proving the reasonableness of the fees requested.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  Courts regularly utilize the lodestar approach to calculate attorney fees, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blanchard v. Berteroa*, 489 U.S. 87, 94 (1989).  The EAJA bases attorney fees on

the market rate, but also caps the hourly rate at $125 per hour, unless an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Although the EAJA limits attorneys fees to the litigation process, *id*. § 2413(a)(1), this includes the EAJA application process.  *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162 (1990).  While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented.  *Hensley*, 461 U.S. at 433-34.

Plaintiff has requested fees for 22.40 attorney hours at a rate of $183.96 per hour for a total fee request of $4,120.70.  Defendant argues that the fee request in this case is excessive because plaintiff has not established that the fees should exceed the $125 per hour statutory cap.  The EAJA generally caps the hourly rate for attorneys' fees at $125 per hour.  *See* 28 U.S.C. § 2412(d)(2)(A).  "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986).  The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour *unless* the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added).  The Sixth Circuit has determined that whether a cost of living adjustment above the statutory cap is warranted is a matter committed to the district court's discretion, and that a district

Report and Recommendation
Motion for EAJA Fees
*Herbster v. Comm'r*; Case No. 13-11932

court generally acts well within its discretion when it declines to make such an adjustment. *See Begley v. Sec'y of Health & Human Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). When requesting an award for attorney fees in excess of $125 per hour, the claimant bears the burden of providing appropriate evidence to support the increase. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009), citing *Blum v. Stenson*, 465 U.S. 886, 898 (1984). The Sixth Circuit has required claimants to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (citation and internal quotations omitted). The Sixth Circuit has rejected attorney fee requests seeking a higher rate where the plaintiff relied solely on the Department of Labor's Consumer Price Index (CPI). *Id.*; *see also Sleight v. Comm'r of Soc. Sec.*, 2012 WL 4006684, at *2 (E.D. Mich. Sept. 12, 2012) (rejecting claim for fees in excess of $125 where the plaintiff provided no evidence that the fees requested were in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation and where the plaintiff only submitted the CPI); *Page v. Astrue*, 921 F. Supp.2d 746, 748 (E.D. Mich. 2013) (same).

Plaintiff argues that, as set forth in his affidavit, the cost of living -- as reflected in the Consumer Price Index for Midwest urban consumers -- increased

from 151.70 in March 1996 (when the EAJA, and its $125 per hour provision, became effective) to 223.252 in September 2013 (when the majority of the work was performed at the District Court level). The increase applied to the $125 per hour limit on EAJA fees set in March 1996 amounts to an adjusted hourly rate of $183.96 per hour for the work done before the District Court, approximately a 46% increase over the fee set in 1996. Plaintiff acknowledges that the Sixth Circuit, in *Bryant v. Commissioner of Social Security*, 578 F.3d 443 (6th Cir. 2009), held that the submission of the Department of Labor's Consumer Price Index showing the rate of increased inflation is not, standing alone, sufficient to justify an increase beyond $125.00 an hour for attorney's fees under the EAJA. To further support the claimed increase in the hourly rate, plaintiff submits an affidavit showing that his counsel's law firm's cost of litigating a case has increased by approximately 75% since 1996, when the EAJA was enacted and set the rate at $125.00 an hour, based on the average of the firm's expenses in 1996 as compared to 2012. Therefore, plaintiff contends that the requested increase of approximately 46% for the work performed before this Court based on the Consumer Price Index is eminently reasonable. Plaintiff points to three other cases purportedly standing for the proposition that other courts that have considered similar methods for calculating an adjusted hourly rate based on evidence presented through affidavits in combination with use of the CPI have

5

Report and Recommendation
Motion for EAJA Fees
*Herbster v. Comm'r*; Case No. 13-11932

found rates similar to those requested in this case are reasonable. *See Darling v. Comm'r of Soc. Sec.*, 2012 WL 4759203 (E.D. Mich. 2012) (Goldsmith, J.) (approving increased hourly rate based on CPI based on judicial notice that there is a shortage of qualified attorneys in Michigan willing to appeal Social Security disability cases to the Federal District Court); *see also Newell v. Astrue*, 2012 WL 936672, *3 (S.D. Ohio 2012); *Sturgeon v. Comm'r of Soc. Sec.*, 2009 WL 5194385 *5 (S.D. Ohio 2009) (awarding similar hourly rate after considering counsel's affidavit of customary hourly rate in this District and information on the mean and median hourly rates in the area).

The starting point for this analysis is the Sixth Circuit's holding in *Bryant* that claimants must "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Bryant*, 578 F.3d 443.  Plaintiff has presented no such evidence regarding the rates for similar services in this community. Moreover, this case is easily distinguishable from those relied on by plaintiff.  In *Darling v. Commissioner*,  Judge Goldsmith noted that plaintiff had offered far more than just the CPI evidence in *Bryant* and described this evidence as follows:

> However, the Magistrate Judge did not mention the other
> form of evidence offered by Plaintiff in support of his
> request for a rate adjustment: affidavits offered by two

individuals who are familiar with the landscape of the Social Security bar in Michigan. The first affidavit is offered by Dannelly Smith, a non-attorney who has been representing claimants before the Social Security Administration at all levels of review for over thirty years and has "extensive knowledge of the base of attorneys ... willing to take [Social Security] claims to Federal Court." The gist of Smith's testimony is that (I) there is a significant shortage of attorneys in Michigan who are willing to litigate Social Security appeals in federal court due to the demanding and time-consuming nature of the work, (ii) those attorneys who are willing to litigate Social Security appeals are extremely selective in the cases they accept and commonly reject appeals that are likely meritorious, and (iii) Plaintiff's counsel "is more open in his willingness to take cases" and his services "are indispensable to many of [Smith's] clients" who would not otherwise be able to procure counsel to file an appeal in federal court.

The other affidavit is offered by Evan Zagoria, a Michigan attorney (unaffiliated with Plaintiff's counsel in this case) whose practice consists primarily of litigating Social Security disability claims before the Social Security Administration. Zagoria states that he will only proceed with an appeal in federal court on behalf of a claimant if he also represented that claimant before the Social Security Administration; that is, he "will not accept other representative's clients who were denied benefits by an administrative law judge." Zagoria explains that Social Security appeals are generally time-consuming and not lucrative, making the "risk/reward factor unfavorable," and that he has been unable to find local attorneys to handle those Social Security appeals he cannot handle on his own.

*Darling*, 2012 WL 4759203, at *2. Judge Goldsmith concluded that this evidence was satisfactory and plaintiff met his burden of showing that a "special factor" –

the limited availability of qualified attorneys for the proceedings involved –

justified the adjustment. *Id.* at \*3. No similar evidence was presented here.

Similarly, in *Sturgeon*, evidence regarding typical hourly rates in this community

were presented. And, in *Newell*, while the court concluded that plaintiff

established with supporting exhibits that the cost of living increases sought were

warranted for work performed by counsel during the pertinent time periods, there

is no description in that opinion about the type of evidence submitted by plaintiff

and relied on by the court. Moreover, counsel's attempt here to increase the

hourly rate based on the costs of practicing law in New York has previously been

rejected. *See e.g.*, *Ford v. Comm'r of Soc. Sec.*, 2013 WL 5538784, \*2 (W.D.

Mich. 2013). The undersigned finds that plaintiff has not presented the type of

evidence as contemplated by *Bryant* to establish an increase in the hourly rate.

     B.    <u>Payment of Attorney Fee</u>

     Plaintiff argues that the payment of attorney fees should be made directly to

counsel based on the assignment executed by plaintiff. The Commissioner argues

that the Court should direct that any award of EAJA fees be payable to plaintiff,

not plaintiff's attorney, citing the United States Supreme Court's recent decision in

*Astrue v. Ratliff*, 560 U.S. 586 (2010). The Commissioner also correctly points

out that plaintiff did not, in fact, attach evidence of the assignment to either of his

briefs in this case. Where such evidence is attached, the normal practice of the

undersigned would be to recommend that the Commissioner must determine whether the assignment to plaintiff's counsel is valid and whether plaintiff is indebted to the government; and if the assignment is valid and plaintiff is not indebted to the government, the attorney fee award may be payable directly to plaintiff's counsel.  Given the lack of such evidence, the undersigned declines to make such a recommendation and suggests, in the absence of evidence of the assignment, that payment be made directly to plaintiff.

## III.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; (2) fees in the amount of $2,800 be awarded to plaintiff, along with costs in the amount of $350; (3) and that payment be made directly to plaintiff.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

2:13-cv-11932-SFC-MJH   Doc # 22   Filed 09/19/14   Pg 10 of 10   Pg ID 549

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 19, 2014          s/Michael Hluchaniuk
                                  Michael Hluchaniuk
                                  United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on September 19, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                  s/Tammy Hallwood
                                  Case Manager
                                  (810) 341-7887
                                  tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Motion for EAJA Fees
*Herbster v. Comm'r*; Case No. 13-11932

10