UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John K. Herbster,

    Plaintiff,

v.                                      Case No.  13-11932
                                         Honorable Sean F. Cox
                                         Magistrate Judge Michael Hluchaniuk

Commissioner of Social Security,

    Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action seeking judicial review of the Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical impairments under 42 U.S.C. § 405(g).  (Doc. #1).

Shortly thereafter, Plaintiff filed a motion for summary judgment.  (Doc. #10).  That motion were referred to Magistrate Judge Laurie Michelson for issuance of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1).  (Doc. #2).

On December 9, 2013, the Court entered a Stipulated Order to Remand the case back to the Administrative Law Judge.  (Doc. #13).  This Court then entered Judgment reversing the Commissioner's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g).  (Doc. #14).

On January 3, 2014, Plaintiff filed a Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Doc. #15).  This motion was initially referred to Magistrate Judge Laurie Michelson for Report and Recommendation ("R&R") pursuant to 28 U.S.C.

§ 636(b)(1)(B).  (Doc. #16).  The motion was later transferred from Magistrate Judge Michelson to Magistrate Judge Michael J. Hluchaniuk on April 1, 2014.  (Doc. #20).

On September 19, 2014, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") wherein he recommends that the Court grant Plaintiff's Motion for Attorney's Fees, but reduce the amount of the award from $4,120,70 (Plaintiff's requested amount) to $2,800.00.  (Doc. #22).  This recommendation is based on a reduction of the attorney's hourly rate from $183.96 per hour to the statutory maximum of $125.00 per hour.  Plaintiff timely filed objections to this R&R.  (Doc. #23).

A Motion for Attorney's Fees may be referred to a Magistrate Judge for a Report and Recommendation "as if it were a dispositive pretrial matter."  Fed. R. Civ. P. 54(d)(2)(D).  Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a dispositive pretrial matter by a Magistrate Judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R.  "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b).

Having considered Plaintiff's objections to the R&R, the Court finds the objections to be without merit.  The Court shall therefore adopt the R&R, grant Plaintiff's Motion for Attorney's Fees  in the amount of $2,800.00 and costs in the amount of $350.

**ANALYSIS**

Plaintiff filed a Motion for Attorney Fees pursuant to the EAJA, requesting $4,120.70 in attorney's fees and $350 in costs.  (Doc. #15).  Defendant opposed Plaintiff's motion, arguing that the fee request was excessive in that it exceeded the statutory cap of a $125 hourly rate under the EAJA.  *See* 28 U.S.C. § 2412(d)(2)(A).

Magistrate Judge Michael Hluchaniuk, in his September 19, 2014 R&R, agreed with Defendant and recommended that the Court grant Plaintiff's motion, but award Plaintiff only $2,800 in attorney's fees pursuant to the EAJA, as well as $350 in costs.

Plaintiff objects to the Magistrate Judge's recommendation because he "failed to consider if an enhancement of fees is warranted based on taking judicial notice of previous rates awarded in this District for counsel of comparable skill to present counsel." (Pl. Objs., Doc. #23 at 2). This objection is without merit. As Magistrate Judge Hluchaniuk noted, the EAJA requires that attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." (R&R at 3, citing 28 U.S.C. § 2412(d)(2)(A). "The claimant bears the burden of providing appropriate evidence to support the increase" in attorney's fees. (R&R at 4, citing *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Further, the Sixth Circuit has required claimants to "produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 573 F.3d at 450. The claimant cannot rely solely on the Department of Labor's Consumer Price Index. *Id.*

Here, Plaintiff did not request this Court to take judicial notice of previous rates awarded in this District in social security appeals. Nor did Plaintiff submit any evidence other than his own attorney's affidavit and the Consumer Price Index information. Magistrate Judge Hluchaniuk found, and this Court agrees, that Plaintiff has not met his evidentiary burden to support an increased hourly

rate. Magistrate Judge Hluchaniuk distinguished the cases to which Plaintiff cites[1] on the basis that, in those cases, the plaintiffs submitted additional, better quality evidence in support of the request for an increased hourly rate. (R&R at 7-8).

Additionally, Plaintiff points to a prior order of this Court whereby this Court adopted an R&R that recommended an increased hourly rate award on a plaintiff's motion for attorney's fees. *McClure v. Comm'r of Soc. Sec.*, 2014 WL 4801830 (E.D. Mich. Sep. 23, 2014) (Cox, J.) (adopting R&R that recommended hourly rate of $187.13 per hour on motion for attorney's fees that was unopposed by Commissioner). In that case, however, the plaintiff's motion was unopposed by the Commissioner of Social Security and no objections to the R&R were filed. Such is not the case here.

Finally, Plaintiff's counsel reiterates its request that payment of attorney's fees be made directly to Plaintiff's counsel rather than to Plaintiff. As Magistrate Judge Hluchaniuk noted, absent any evidence of a valid assignment, payment of attorney's fees should be made directly to Plaintiff. *Astrue v. Ratliff*, 560 U.S. 586 (2010). Plaintiff's counsel has attached Plaintiff's assignment to his objections here, although Plaintiff's counsel failed to do so in its opening or reply brief. Plaintiff's time for submitting new evidence in support of his motion has passed. Therefore, the Court shall adopt the September 19, 2014 R&R and direct Plaintiff's award of attorney's fees pursuant to the EAJA be made directly to Plaintiff.

**ORDER**

---

[1] Plaintiff cites to *Darling v. Comm. of Soc. Sec*., 2012 WL 4759203 (E.D. Mich. Oct. 5, 2012) (approving increased hourly rate); *Newell v. Astrue*, 2012 WL 936672 at *3 (S.D. Ohio Mar. 20, 2012); *Sturgeon v. Comm. of Soc. Sec*., 2009 WL 5194385 at *5 (S.D. Ohio Dec. 22, 2009) (awarding increased hourly rate); *Crooks v. Comm'r of Soc. Sec.*, 2014 WL 3400697 (E.D. Mich. July 10, 2014) (approving hourly rate above statutory maximum);

For the reasons set forth above IT IS ORDERED that the Court ACCEPTS AND ADOPTS the September 19, 2014 R&R.  IT IS FURTHER ORDERED that Plaintiff's Motion for Attorney's Fees in the amount of $2,800.00, along with costs in the amount of $350, payable to Plaintiff directly, is GRANTED.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  November 14, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 14, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager